# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

ROBERTO B. CARTER

Case No. 6:23-cr-165-WWB-RMN

## ORDER

Before the Court is the Government's Motion for Issuance of an Order Authorizing the Defendant's Transfer to State Custody (Dkt. 23), filed November 1, 2023. The Defendant, Roberto B. Carter, opposes the Government's request. *See* Dkt. 29. The motion has been referred to me for adjudication.

The Defendant is under a term of supervised release arising from his conviction for the offense of Attempting to Distribute and Possess with the Intent to Distribute 100 Grams or More of Heroin. The United States Probation Office alleges that the Defendant violated the terms of his supervised release. Specifically, it is alleged that the Defendant committed the offense of Trafficking Methamphetamine in violation of Florida Statute 893.135 and Florida Statute 893.13(1)(e), in Brevard County, Florida, on June 15, 2023, thereby violating the conditions of his release. It is also alleged that, on July

26, 2023, the Defendant committed the offense of driving with a license expired for more than six months in violation of Florida Statute 322.03(5).

The Court issued a warrant for the Defendant's arrest on September 29, 2023. The Defendant was detained on October 10, 2023, and arraigned the next day. The Court held a combined preliminary and detention hearing on October 12, 2023. At that hearing, the Court found probable cause that the Defendant committed the three violations set forth in the petition and detained the Defendant pending further proceedings.

The government moves for an order transferring the Defendant to state custody before the final revocation hearing so that the state may pursue the criminal charges that form the basis of the revocation violations. Dkt. 23. The Defendant opposes, because he would still be subject to this Court detainer while in state custody and is entitled to a final revocation hearing within a reasonable time. Dkt. 29 at 2-3.

Hearings to revoke supervised release are not criminal prosecutions. These proceedings do not trigger the "full panoply of rights" which attach during a criminal trial, including the Sixth Amendment's guarantee of a speedy trial. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). But because revocation proceedings affect the liberty interest of individuals, such hearings trigger the limited protections of the Due Process Clause. *Id*. at 484. Those protections include the right to have a final revocation hearing within a

reasonable time after being taken into custody. *Id.* at 488. This right is codified in Federal Rule of Criminal Procedure 32.1, which requires that a "person held in custody for violating . . . supervised release must be taken without unnecessary delay before a magistrate judge" and that "the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(a)(1), (b)(2).

The Defendant opposes his transfer because he believes transfer will result in his revocation hearing being unreasonably delayed. The Defendant's arguments for opposing his transfer are not persuasive. As the First Circuit has noted, "[r]easonableness has a protean [or malleable] quality." *United States v. Psagen Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010). It may change based on the circumstances. Even assuming it is proper to attack the reasonableness of the timing of his final revocation hearing on the basis advanced by the Defendant, the delay here to date is not unreasonable. *See United States v. Lawton*, No. 4:11-cr-165, 2020 WL 4194009, at *2 (S.D. Ga. July 21, 2020) (collecting cases with two- or three-year delays). The Defendant had been in custody for less than a month before the Government made its request.

Further, the crux of the Defendant's position is that transfer will inevitably result a violation of Rule 32.1's reasonable-time requirement. But he offers nothing but speculation that the state will not proceed with its

prosecution with alacrity. Consequently, the Defendant has not shown that any delay that may result from the state prosecution would necessarily cause a delay that would be unreasonable.

Accordingly, it is **ORDERED**:

1. The Government's motion (Dkt. 23) is **GRANTED**;

2. The Court will issue a separate order authorizing the Defendant's transfer to state custody; and

3. The parties shall file a joint status report on January 15, 2024, notifying the Court of the status of the state prosecution, and every 60 days thereafter.

**DONE** and **ORDERED** in Orlando, Florida, on November 27, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Pretrial Services Office
United States Marshals Service
Assistant U.S. Attorney
Counsel for Defendant
Defendant