**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.                                                                                        Case No: 6:23-cr-165-WWB-RMN

**ROBERTO B. CARTER**

       **Defendant.**

---

## ORDER

Before the Court is Defendant Roberto B. Carter's "Motion to Reopen Pretrial Detention Hearing" (Doc. 38, the Motion), which has been referred to the undersigned for consideration. The Motion is due to be denied.

**I.    Background**

On September 25, 2023, the United States Probation Office (hereafter, U.S. Probation) submitted to the Court a Petition for Warrant or Summons for Offender Under Supervised Release. Doc. 5 (the Petition). In the Petition, the U.S. Probation sought the issuance of a warrant based on allegations that the Defendant committed three new criminal offenses wile on supervised release; Trafficking in Methamphetamine; Sale of Methamphetamine within 1000 Feet of a Place of Worship; and Expired Driver's License More then Six Months. *Id*. The Defendant is on supervised release following conviction for attempting to distribute 100 grams or more of heroin. *Id*. He had a Criminal History Category of VI at the time of his underlying conviction. Doc. 6-1 at 36. The Court issued the warrant. Docs. 7; 8.

On October 10, 2023, the Defendant had an initial appearance on the Petition. Doc. 9. At the initial appearance, the Court requested the Federal Defender be present if needed. In fact, the Defendant stated that he had retained counsel. The government sought detention, and the Defendant requested that the detention hearing be held later to allow his retained lawyer to be present. The Court temporarily detained the Defendant and set the detention hearing for October 12, 2023. Doc. 11.

On October 12, 2023, the Court held the detention hearing. Doc. 13. Attorney Bryan Savy appeared as retained counsel on behalf of the Defendant. Doc. 12. The government presented the testimony of a U.S. Probation officer. Doc. 13. The Defendant submitted eight exhibits, but offered no testimony, choosing to proceed by counsel's proffer. Docs. 13; 15. After conclusion of the evidence, the Court found that the Defendant had not met his burden under Federal Rule of Criminal Procedure 32.1(a)(6) to establish by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community." Docs. 13; 16. As such, the Court found that, "No condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community."

On January 23, 2024, the Defendant filed the Motion, seeking to reopen his detention hearing and, ultimately, release on conditions. Doc. 38. While the Motion quotes 18 U.S.C. § 3142(f)(2), it contains no memorandum of law, but rather makes several factual assertions that the Defendant argues preponderate in favor of release. Doc. 38 at 2-3. First, Defendant asserts that his girlfriend is pregnant and that the pregnancy has been deemed high risk—the Defendant further asserts that this information was unknown at the time of the initial detention hearing. *Id*. at 3. Next, the Defendant makes several assertions that were known at the time of the detention hearing: that he is the sole caregiver for his eight-year-old daughter (though he says his mother is currently

2

caring for her); that he has "personal and business affairs to get in order," including the publication of a novel called "Misguided" about "street life"; and that he is indebted on a loan to renovate a piece of real estate that he must now sell.

In response to the Motion, the government asserts that, pursuant to § 3142(f), the Defendant has not established that the question of his detention should be revisited through an additional hearing. On that basis, the government asserts that the Motion should be denied. The Court agrees.

**II.     Discussion**

Because the Defendant was arrested for a violation of the terms of his supervised release, the Court "may release or detain [the Defendant] under 18 U.S.C. §3143(a)(1) pending further proceedings." Fed.R.Crim.P. 32.1(a)(6). But, "[t]he burden of establishing by clear and convincing evidence that the [Defendant] will not flee or pose a danger to any other person or to the community rests with the [Defendant]." *Id*.

Section 3142(a) explains, in relevant part, that a person may be released pursuant to subsections (b) or (c) or detained under subsection (e).

Section 3142(b) includes the general guidance that the "judicial officer shall order the pretrial release of [a] person . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Section 3142(e)(1) states that: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

The latter half of § 3142(f) sets forth the procedure for the detention hearing. For example, subsection (f) allows for a continuance of the detention hearing, sets forth the right to counsel at the hearing, and explains that the rules of admissibility of evidence at criminal trials do not apply at the hearing. Further, and relevant here, if the defendant is detained following a hearing pursuant to § 3142(f), that subsection allows for the reopening of the detention hearing and consideration of the detention order:

> at any time before trial **if** the judicial officer finds that **information exists that was not known** to the movant at the time of the hearing **and** that **has a material bearing on the issue** whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

§ 3142(f).

Critical then, is whether the proffered information in the Motion was known to the movant (i.e., the Defendant) at the time of the October 12, 2023, detention hearing. *United States v. Dollinger*, 2008 WL 1711408 (M.D. Fla. Apr. 10, 2008) ("[U]nless the Motion is based on the existence of material information not known to Defendant at the time of the detention hearing…, it should be denied."). Here, the only information that is asserted to be new is the at-risk pregnancy of the Defendant's girlfriend. The Defendant knew all the other information at the time of the detention hearing and, thus, it cannot be used as a basis to reopen the hearing.

So, looking to the at-risk pregnancy, the Defendant has failed to establish that it has a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). Indeed, the Defendant makes no effort in the Motion to establish that the pregnancy has the required "material bearing" on the issues identified in the statute; especially where, as here, the Defendant was detained both as a risk of flight and a danger to the community. Even if the

Court assumed that the information could go to factors in § 3142(g) related to familial ties, that is insufficient to warrant reopening the detention hearing—and again, the Defendant argues neither that the information is material, nor that he would meet his burden under Rule 32.1(a)(6).

In sum, the Motion is due to be denied because the Defendant fails to meet the statutory standard to reopen the detention hearing in this case and otherwise fails to state a legal basis for the Court to make another decision on release or detention at this stage of the proceedings.

### III. Conclusion

Accordingly, the Motion (Doc. 38) is **DENIED**.

**ORDERED** in Orlando, Florida on February 21, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

5