UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

          **Plaintiff,**

v.                                      Case No: 6:23-cr-165-WWB-RMN

**ROBERTO B. CARTER**

          **Defendant.**

_____

# ORDER

Before the Court is Defendant Roberto B. Carter's "Motion for Bail Pending Revocation Proceedings" and a memorandum of law in support of that motion. Docs. 50 and 51 (collectively, the Motion).[1] This is the Defendant's third attempt to have the Court reconsider the issue of detention. The Motion has been referred to the undersigned for consideration. The Motion is due to be denied.

## I. Background

On September 25, 2023, the United States Probation Office (hereafter, U.S. Probation) submitted to the Court a Petition for Warrant or Summons for Offender Under Supervised Release. Doc. 5 (the Petition). In the Petition, U.S. Probation sought the issuance of a warrant based on allegations that the Defendant committed three new criminal offenses while on supervised release: Trafficking in Methamphetamine; Sale of Methamphetamine within 1000 Feet of a Place of Worship; and Expired Driver's License More then Six Months. *Id*. The Defendant is on supervised release following conviction for attempting to distribute 100 grams or more of heroin.

---

[1] Filing a motion and a separate memorandum of law is a violation of the Local Rules of this Court. *See* Local Rule 3.01(a).

*Id*. He had a Criminal History Category of VI at the time of his underlying conviction. Doc. 6-1 at 36. That criminal history included convictions for aggravated assault with a firearm, domestic violence battery, aggravated fleeing and eluding, resisting arrest with violence, resisting arrest without violence, and possession of a firearm by a convicted felon. *Id*. The Court issued the warrant. Docs. 7; 8.

On October 10, 2023, the Defendant had an initial appearance on the Petition. Doc. 9. At the initial appearance, the Court requested the Federal Defender be present if needed, but the Defendant stated that he had retained counsel. The government sought detention, and the Defendant requested that the detention hearing be held later to allow his retained lawyer to be present. The Court temporarily detained the Defendant and set the detention hearing for October 12, 2023. Doc. 11.

On October 12, 2023, the Court held the detention hearing. Doc. 13. Attorney Bryan Savy appeared as retained counsel on behalf of the Defendant. Doc. 12. At the hearing, defense counsel stated that he was ready to proceed; the Defendant did not request any additional time to prepare for the hearing. The government presented the testimony of a U.S. Probation officer. Doc. 13. As summarized by the government, the Probation officer testified that, at the time of the defendant's arrest, the defendant ran, jumped a fence, and barricaded himself in his residence. Doc. 52 at 2-3. The Probation officer also testified that two firearms and fentanyl were found in the defendant's residence. *Id*. The Probation officer further testified that the defendant had failed to maintain any contact with the Probation Office since August 16, 2023, that all attempts to contact the defendant (via in-person visits, calls, voicemails, and texts) were unsuccessful, and that the defendant changed his phone number, but did not provide the Probation Office with the new number. *Id*. The Defendant had an opportunity to cross-examine the witness and object to the

admission of any of the government's evidence. The Defendant submitted eight exhibits into evidence, but offered no testimony, choosing to proceed by counsel's proffer. Docs. 13; 15. After conclusion of the evidence, the Court heard argument by the government and defense counsel. Ultimately, the Court found that the Defendant had not met his burden under Federal Rule of Criminal Procedure 32.1(a)(6) to establish by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community." Docs. 13; 16. As such, the Court found that, "No condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community."

On January 23, 2024, the Defendant filed a motion seeking to reopen his detention hearing and, ultimately, release on conditions. Doc. 38. While the motion quoted 18 U.S.C. § 3142(f)(2), it contained no memorandum of law, but rather made several factual assertions that the Defendant argued preponderate in favor of release. Doc. 38 at 2–3. First, the Defendant asserted that his girlfriend is pregnant and that the pregnancy has been deemed high risk—the Defendant further asserted that this information was unknown at the time of the initial detention hearing. *Id*. at 3. Next, the Defendant made several assertions that were known at the time of the detention hearing: that he is the sole caregiver for his eight-year-old daughter (though he said his mother is currently caring for her); that he has "personal and business affairs to get in order," including the publication of a novel called "Misguided" about "street life"; and that he is indebted on a loan to renovate a piece of real estate that he must now sell.

The government opposed that motion, and the Court denied the motion. Specifically, the Court found that the Defendant had failed to establish that his girlfriend's high-risk pregnancy had a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

3

§ 3142(f). Doc. 41 at 4-5. Indeed, the Defendant made no effort in the motion to establish that the pregnancy had the required "material bearing" on the issues identified in the statute; especially where, as here, the Defendant was detained both as a risk of flight and a danger to the community. *Id*. Even if the Court assumed that the information went to factors in § 3142(g) related to familial ties, the Court found such ties insufficient to warrant reopening the detention hearing—and again, the Defendant argued neither that the information was material, nor that he would meet his burden under Rule 32.1(a)(6). Doc. 41 at 4-5. The Defendant did not object to this Order, nor did he appeal the original order of detention.

On April 26, 2024, the Defendant filed a *pro se* motion for release, again raising the high-risk pregnancy. Doc. 46. The Court denied that motion; the Court found that the Defendant could not file the motion *pro se* because he was represented by counsel and, additionally, that the motion should be denied on its merits. Doc. 48 at 2-4.

In the Motion now before the Court, the Defendant asserts that:

> Defendant was just informed that his unborn child has developed fetal heart complications that increases her risk of dying during parturition. As a result, [the Defendant's girlfriend] received essential iron infusions on March 29, 2024. This was information unknown to Defendant at the time of the initial detention hearing.

Doc. 50 at 4. The Defendant also attached to the Motion his girlfriend's Orlando Health Visit Summary. Doc. 50-1. In relation to that information, the Defendant asserts "that due process requires that he be provided the 'opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise' in light of the material information that Defendant was unaware of at the October 12, 2023, Detention Hearing." Doc. 50 at 3. The government has filed a response in opposition to the Motion. Doc. 52. The Motion is due to be denied.

**II.     Discussion**

Because the Defendant was arrested for a violation of the terms of his supervised release, the Court "may release or detain [the Defendant] under 18 U.S.C. §3143(a)(1) pending further proceedings." Fed.R.Crim.P. 32.1(a)(6).  But "[t]he burden of establishing by clear and convincing evidence that the [Defendant] will not flee or pose a danger to any other person or to the community rests with the [Defendant]." *Id*.

Section 3142(a) explains, in relevant part, that a person may be released pursuant to subsections (b) or (c) or detained under subsection (e).

Section 3142(b) includes the general guidance that the "judicial officer shall order the pretrial release of [a] person . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Section 3142(e)(1) states that: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

The latter half of § 3142(f) sets forth the procedure for the detention hearing.  For example, subsection (f) allows for a continuance of the detention hearing, sets forth the right to counsel at the hearing, and explains that the rules of admissibility of evidence at criminal trials do not apply at the hearing.  Further, and relevant here, if the defendant is detained following a hearing pursuant to § 3142(f), that subsection allows for the reopening of the detention hearing and consideration of the detention order:

> at any time before trial **if** the judicial officer finds that **information exists that was not known** to the movant at the time of the hearing **and** that **has a material bearing**

5

> **on the issue** whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

§ 3142(f).

Critical then, is whether the proffered information in the Motion was known to the movant (i.e., the Defendant) at the time of the October 12, 2023, detention hearing. *United States v. Dollinger*, 2008 WL 1711408 (M.D. Fla. Apr. 10, 2008) ("[U]nless the Motion is based on the existence of material information not known to Defendant at the time of the detention hearing…, it should be denied."). Here, the only information that is asserted to be new since the detention hearing is the at-risk pregnancy of the Defendant's girlfriend. And the only information asserted to be new since the first motion to reopen the detention hearing is more specific information concerning the nature of that high risk: the fetal heart defect and the resulting iron infusion. The Defendant knew all the other information at the time of the detention hearing and, thus, it cannot be used as a basis to reopen the hearing.[2]

Again, looking to the high-risk pregnancy (including, specifically, the fetal heart defect and the iron infusion), the Defendant has failed to establish that the information at issue has a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). Here, the Court detained the Defendant both as a flight risk and as a danger to the

---

[2] Much of the Motion concerns statistical and sociological argument centered on risks faced generally by a person similarly situated to the Defendant's girlfriend and the unborn child. This information was available to the Defendant at the time of the detention hearing and, certainly, at the time of the first motion to reopen the detention hearing. Again, the Defendant stated that he was ready to proceed at the detention hearing and requested no extension of time to prepare. Further, the Defendant made no contemporaneous objection to the government seeking his detention by *ore tenus* motion and fails now to identify any legal error with the government so moving.

community. As the Court has already found, even if the Court assumed that the information could go to factors in § 3142(g) related to familial ties, that is insufficient to warrant reopening the detention hearing. Further, to the extent that the Defendant is seeking to have the Court reconsider the denial of the first motion, the Defendant has neither cited nor met the standard for the reconsideration of such an order. And the Defendant did not timely object to or otherwise appeal or challenge that February 21, 2024 order (Doc. 41). *See* Fed.R.Cr.P. 59; 18 U.S.C. § 3145(b).

In sum, while the Court may properly reopen the detention hearing if the Defendant submits material information not known to the Defendant at the time of the detention hearing, the Court again finds that the information concerning the high-risk pregnancy does not have a material bearing on the issue of release or detention here, even if that information was not known to the Defendant at the time of the original detention hearing. Further, to the extent that the Defendant continues to attempt to add information and argument that he could have made at the original detention hearing or in his first motion to reopen, the Court will not now consider that information. Similarly, to the extent that the Defendant attempts to make better or more supported legal arguments that he could have made earlier in these proceedings, he cannot do that by simply re-filing a request for relief following a denial.

The current circumstance of the Defendant's girlfriend's pregnancy is the kind of tragic familial situation with which the Court is all too familiar. But that circumstance does not have a material bearing on the Court's detention decision here. At core, the Defendant's extensive criminal history, the nature and seriousness of the current violations, the Defendant's failure to communicate and cooperate with his Probation officer, and the circumstances of his arrest were— and continue to be—the overwhelming circumstances leading to his detention.

The Motion is due to be denied because the Defendant fails to meet the statutory standard to reopen the detention hearing in this case and otherwise fails to state a legal basis for the Court to make another decision on release or detention at this stage of the proceedings.

### III.    Conclusion

Accordingly, the Motion (Doc. 50) is **DENIED**.

**ORDERED** in Orlando, Florida on May 28, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant